

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. PD-0354-12

---

### THE STATE OF TEXAS

**v.**

### CARL ALAN BENNETT, Appellee

---

### ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW FROM THE FIFTH COURT OF APPEALS DALLAS COUNTY

---

**JOHNSON, J., filed a concurring opinion.**

### C O N C U R R I N G   O P I N I O N

I join the Court's opinion, which affirms the judgment of the court of appeals based on the unsettled state of the law in regard to the term of the statute of limitations for the offense that was alleged by the indictment. After considering the statutes at issue, I conclude that the term is three years.

One of our rules of statutory construction tells us that we construe a statute in accordance with its plain meaning unless the plain meaning would produce absurd results that the legislature could not possibly have intended. *Boykin v. State*, 818 S.W.2d 782,785 (Tex. Crim. App. 1991). I would hold that this is such a case.

In examining the language in Article 12.03, I find that three of the four paragraphs, concerning attempt, criminal conspiracy, solicitation, and organized criminal activity, all have the same term of limitations as does the offense at issue. Only the fourth paragraph, aggravated offenses, is different; it sets the term of limitation at that of a lesser-included offense. Then, looking at Article 12.01, I find that, for two of the six aggravated offenses, robbery and kidnapping, the unaggravated offense is a felony and is specifically assigned a term of five years. Unaggravated sexual assault is also a felony and has a specific term of ten years. Only unaggravated assault, perjury, and promotion of prostitution are misdemeanors, and each, if aggravated, is a felony. By the elements of the offense, neither perjury nor promotion of prostitution are violent offenses, leaving assault as the only violent offense with a term of two years. Surely the legislature did not intend that a serious, violent felony would have the same statute-of-limitations term as a misdemeanor that may involve merely causing physical contact that another person will regard as offensive or provocative.

Clearly, given the widely differing views expressed in the various concurring opinions, only the legislature can say definitively what it intended.

Filed: November 27, 2013
Publish